UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

**THE LAW OFFICE OF WILLIAM J. SCOTT, P.A.**,

    Plaintiff,

v.

**SCANSTAT TECHNOLOGIES, LLC**,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant ScanSTAT Technologies, LLC, ("ScanSTAT"), by and through its undersigned counsel, hereby removes the action filed by Plaintiff The Law Office of William J. Scott, P.A. ("Plaintiff"), pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, Case No. 16-2022-CA-0005262-XXXX-MA (the "State Court Action"), pursuant to 28 U.S.C. § 1441, 1446, 1452, and 1453. Without waiving any defenses, exceptions, or obligations that may exist in its favor in either state or federal court, ScanSTAT represents and alleges the following as grounds for removal:

**I.   STATEMENT OF COMMENCEMENT OF ACTION**

The above-captioned action was commenced by Plaintiff, on behalf of itself and on behalf of others similarly situated (collectively, "Plaintiffs"), by the filing of a Summons and Complaint with the in the State Court Action on September 9, 2022.

Plaintiff served ScanSTAT with the Complaint on October 3, 2022.

Pursuant to 28 U.S.C. § 1446(b)(2)(B), notice of removal is timely when filed within thirty days of a defendant's first receipt of the action. When the thirtieth day falls on a weekend or holiday, the filing is timely if made on the next business day. See Fed. R. Civ. P. Rule 6(a)(1)(c) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Therefore, this Notice of Removal has been timely filed within the deadline prescribed by section 1446(b)(2)(B). Pursuant to 28 U.S.C. § 1446(a), this case is removed to the district and division embracing the Fourth Judicial Circuit in and for Duval County, Florida. *See also* 28 U.S.C. § 121(3).

## II. PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of the Complaint and all process, pleadings, and other materials received or filed by ScanSTAT, or filed in the State Court Action to date with respect to this action are attached as Exhibit A hereto and are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being provided to Plaintiff through its attorney and to the Clerk for the Duval County Circuit Court.

## III. STATEMENT OF STATUTORY BASIS FOR FEDERAL JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), (hereafter, "CAFA"). When the number of putative class members exceeds 100, CAFA vests federal district courts with original jurisdiction over a class action in which any

putative class member is a citizen of a state different from any defendant and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2)(A). This action satisfies each of the requirements of section 1332(d)(2) for original jurisdiction under CAFA, making this action removable under 28 U.S.C. § 1453(b).

### A. *This case is a putative class action.*

For purposes of federal jurisdiction, a class action is any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or any "similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." *Id.* § 1332(d)(1)(B). A class need not be certified prior to a federal court taking jurisdiction under section 1332(d)(2). *Id.* § 1332(d)(8).

The Complaint is titled "Class Action Complaint." Plaintiffs allege this action is brought "on behalf of itself and all others similarly situated" and is filed pursuant to Rules 1.220(b)(3) of the Florida Rules of Civil Procedure. Compl. ¶¶ 32-40. Plaintiffs are seeking to represent the following "Class": "All patients, or law firm's (on behalf of a patient), who paid more than $0.25 to Defendant for each page in excess of 25 pages, for copies of medical records that were requested from a Florida healthcare provider by a patient or patient's attorney, and for which payment has not been reimbursed." *Id.* ¶ 32.

Rule 1.220(b)(3) of the Florida Rules of Civil Procedure is similar to Rule 23 of the Federal Rules of Civil Procedure. Florida Rule of Civil Procedure 1.220 authorizes one person to sue on behalf of a class of similarly situated persons. Because Plaintiffs

bring this action pursuant to a state rule that, like Federal Rule 23, authorizes one person to bring a representative action on behalf of a class, it is a "class action" subject to the provisions of 28 U.S.C. § 1332(d).

### B. The class consists of more than 100 putative members.

CAFA requires that the aggregate number of putative class members is greater than 100 persons. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that the "class numbers are in the thousands" and that "[c]lass members' individual damages are small relative to the burden and expense of filing and litigating tens of thousands of individual cases against this sophisticated Defendant." Compl. ¶¶ 35 & 40. Hence, there are at least 100 Class members in this putative class action. Accordingly, the number of putative class members satisfies the 100-person requirement under CAFA.

### C. Diversity exists between class members and Defendant.

To satisfy CAFA's minimal diversity requirement, "[a]ny member of [the] class of plaintiffs" must be "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here. Specifically, Plaintiffs allege that "Plaintiff, THE LAW OFFICE OF WILLIAM J. SCOTT, P.A., is a Florida Professional Association doing business in Duval County, Florida." Compl. ¶ 7. Accordingly, named plaintiff is a citizen of Florida. Plaintiffs do not limit the class to citizens of Florida. *See Id*. ¶ 32. The putative class members could be citizens of any state who received healthcare from a "Florida healthcare provider" and "paid more than $0.25 to Defendant for each page in excess of 25 pages, for copies of medical records…" *Id*. Thus, putative members of the Class are citizens of Florida and other

states. Pursuant to section 1332(d)(10), under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1200 n.40 (11th Cir. 2007). The citizenships of Defendant, for purposes of CAFA jurisdiction, are Delaware and Georgia. Compl. ¶ 8 ("Defendant, ScanSTAT is a Delaware limited liability company headquartered in Alpharetta, Georgia . . . .").

To satisfy minimal diversity in this case, only one of the putative Class members must be a citizen of a state other than the named Defendant. Specifically, the putative class must contain persons who are citizens of states other than the following states: Delaware and Georgia. Based on the face of the Complaint the named Plaintiff is a citizen of Florida. Accordingly, minimal diversity exists and this CAFA requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

### D. The aggregated amount in controversy exceeds $5,000,000.

Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). Plaintiffs allege: "This class action asserts that Defendant ScanSTAT charges and collects fees in connection with the production of medical records that exceed the statutorily imposed limits on such fees." Compl. ¶ 8. Plaintiffs allege: "As a direct and proximate result of STAT's material breach of Contract, Plaintiff and Class members have suffered damages, including but not limited to paying amounts that exceeded 250 per page after the first

25 pages." *Id*. ¶ 49. "Plaintiff suffered actual damages by paying the excessive fee." *Id*. ¶ 50. "WHEREFORE, Plaintiff and the Class demand judgment against STAT for breach of contract, any and all damages (including but not limited to compensatory damages), together with interest both prejudgment and post-judgment, and such other further relief as the Court may deem just and proper." *Id*. ¶ 51 (Wherefore Clause.)

Plaintiff further alleges: "This is a claim against STAT for violation of Florida's Deceptive and Unfair Trade Practices Act, § 501 et seq., ("FUDTPA")." Compl. ¶ 53. "As a direct and proximate result of STAT's unlawful and deceptive activity, Plaintiff and the Class have suffered actual damages as they were required to pay and did pay copy charges that exceeded 250 per page after the first 25 pages." *Id*. ¶ 60. "WHEREFORE, Plaintiff and the Class demand judgment against STAT for any and all actual damages, together with interest both prejudgment and post-judgment, costs and attorneys' fees pursuant to Fla. Stat. § 501.211(2)." *Id*. ¶ 61. Plaintiffs further allege: "STAT required Plaintiff and all Class members to pay the illegal copy charges before the medical records would be provided. As a result, STAT proximately caused Plaintiff and members of the Class to pay the illegal excess "Copy Charges". This breach of duty resulted in damages to Plaintiff and the Class in the form of payment of illegal fees." *Id*. ¶ 66-67. Plaintiffs allege that they seek "all damages (including but not limited to compensatory damages)… all actual damages, together with interest both prejudgment and post-judgment, costs and attorneys' fees pursuant to Fla. Stat. § 501.211(2) … and such other further relief as the Court may deem just and proper." *Id*. ¶¶ 51, 61, 67. Plaintiff further requests injunctive relief as follows: "Plaintiff further

seeks to enjoin ScanSTAT from charging fees in excess of the Patient Records Rule in the future." Compl. ¶ 18.

When calculating the amount in controversy, a court may consider statutory damages, compensatory damages, the value of requested injunctive relief, and attorneys' fees. Home Depot, Inc. v. Rickher, Case No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) ("The amount in controversy includes monetary damages, attorney's fees and 'the cost a defendant incurs in complying with injunctive relief.'" (citation omitted)). Plaintiffs seek consequential damages for their breach of contract and negligence claims; and injunctive relief, statutory damages and attorneys' fees pursuant to their claim for violation of the Florida Unfair Trade Practices Act.

In this case, the amount in controversy exceeds $5,000,000. Plaintiff alleges that it suffered individual actual damaged in the amount of $267.75 (before attorney's fees and other damages.) Compl. ¶ 47. Plaintiffs also allege that "Class members' individual damages are small relative to the burden and expense of filing and litigating tens of thousands of individual cases against this sophisticated Defendant." *Id*. ¶ 40. Accordingly, if the "tens of thousands" of claims all average $267.75 per claim, then the least amount of actual damages claimed would be $5,355,000 (20,000 claims (20,000 being the smallest possible "tens of thousands" number) x $267.75). However, if the "tens of thousands" was 30,000, 40,000 or more, then the claim value begins to approach and then exceed $10,000,000 in actual damages before attorney's fees and other damages. As to attorneys' fees, it is likely that there is a contingency fee agreement in place that would increase the value by another thirty to forty percent.

Finally, with regard to the injunctive relief requested, this may have the largest value at issue in this case – by reducing fees charged to patients in perpetuity.

In sum, the aggregated claims of the individual class members exceed the required $5,000,000 amount in controversy, exclusive of interest and costs.

## IV. REQUEST FOR BRIEFING AND ORAL ARGUMENT

In the event any question arises as to the propriety of the removal of this matter, ScanSTAT requests the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of their position that removal is proper.

## V. CONCLUSION

**WHEREFORE**, Defendant ScanSTAT hereby removes this matter from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1452, and 1453.

Respectfully submitted on November 2, 2022.

*s/ Andrew R. Schindler*
**ANDREW R. SCHINDLER**
FBN 124845
*aschindler@grsm.com*
**CHANTEL WONDER**
FBN 87601
*cwonder@grsm.com*

**GORDON REES SCULLY MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5339
***Counsel for Defendant ScanSTAT Technologies, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served on all counsel of record on November 2, 2022, via the CM/ECF filing system.

*s/ Andrew R. Schindler*