Filing # 157113800 E-Filed 09/09/2022 03:49:52 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

THE LAW OFFICE OF WILLIAM J. SCOTT, P.A., on behalf of itself and all others similarly situated,

      Plaintiff,

v.

SCANSTAT TECHNOLOGIES, LLC,

      Defendant.
_____/

CASE NO.:
CIVIL DIVISION

CLASS REPRESENTATION
JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, THE LAW OFFICE OF WILLIAM J. SCOTT, P.A. ("Plaintiff"), by and through the undersigned Counsel, and files this Class Action Complaint against Defendant, SCANSTAT TECHNOLOGIES, LLC ("ScanSTAT"), stating and alleging as follows:

### I. JURISDICTION AND VENUE

1. This is an action for damages that exceed $15,000, and an action for declaratory and injunctive relief pursuant to Fla. Stat. § 501.201, *et seq*.

2. Plaintiff, THE LAW OFFICE OF WILLIAM J. SCOTT, P.A., is the aggrieved party who brings this class action on behalf of itself and others similarly situated against Defendant, ScanSTAT pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3), to protect its own rights and the rights of other similarly situated persons, and to protect the public interest.

3. Defendant, ScanSTAT has and continues to conduct business throughout the State of Florida at all relevant times, including Duval County, Florida.

4. Actions giving rise to the named Plaintiff's claims occurred in Duval County, Florida, which provides for jurisdiction in the Fourth Judicial Circuit in and for Duval County, Florida.

5. This Court has jurisdiction over this matter because the amount in controversy exceeds $30,000; Plaintiff is a resident of Duval County, Florida and Defendant does business in Duval County, Florida.

6. Venue is proper in Duval County because actions giving rise to this lawsuit

## II. PARTIES

7. Plaintiff, THE LAW OFFICE OF WILLIAM J. SCOTT, P.A., is a Florida Professional Association doing business in Duval County, Florida.

8. Defendant, ScanSTAT is a Delaware limited liability company headquartered in Alpharetta, Georgia that provides release of information services for healthcare providers.

9. At all relevant times herein, ScanSTAT fulfilled medical records requests on behalf of healthcare providers in Florida.

## III. FACTS

### A. Legal and Factual Background Facts

8. This class action asserts that Defendant ScanSTAT charges and collects fees in connection with the production of medical records that exceed the statutorily imposed limits on such fees. Plaintiff seeks a refund of all amounts unlawfully collected and an injunction prohibiting ScanSTAT from charging the unlawful fees in the future.

9. The Florida Legislature and other state agencies have taken steps to protect Florida consumers from being excessively charged for obtaining copies of their medical and billing records. Specifically, two sources, Fla. Stat. § 395.025(1) and Fla. Admin. Code R. 64B8-10.003

2

(collectively, "Patient Records Statutes"), provide the legally permitted fees doctors and hospitals can charge for providing patient records.

10. Because ScanSTAT produces copies of records to patients within the State of Florida for mainly non-hospital clients, it is permitted to charge only the amounts specifically listed in Fla. Admin Code R. 64B8-10.003 (hereinafter "Patient Records Rule").

11. For hospitals, ambulatory surgical centers, and mobile surgical facilities, Fla. Stat. § 395.3025(1) details the permitted charges a medical records provider can charge for copies of medical records:

> Any licensed facility shall, upon written request, and only after discharge of the patient, furnish, in a timely manner, without delays for legal review, to any person admitted therein for care and treatment or treated thereat, or to any such person's guardian, curator, or personal representative, or in the absence of one of those persons, to the next of kin of a decedent or the parent of a minor, or to anyone designated by such person in writing, a true and correct copy of all patient records, including X rays, and insurance information concerning such person, which records are in the possession of the licensed facility, provided the person requesting such records agrees to pay a charge. **The exclusive charge for copies of patient records may include sales tax and actual postage, and, except for nonpaper records that are subject to a charge not to exceed $2, may not exceed $1 per page. A fee of up to $1 may be charged for each year of records requested.** These charges shall apply to all records furnished, whether directly from the facility or from a copy service providing these services on behalf of the facility. ...

Fla. Stat. § 395.3025(1) (emphasis added).

12. For physicians and other health care practitioners, Fla. Admin. Code R. 64B8-10.003 lists the amounts they are allowed to charge for patient records, in pertinent part, as follows:

> Recognizing that patient access to medical records is important and necessary to assure continuity of patient care, the Board of Medicine urges physicians to provide their patients a copy of their medical records, upon request, without cost, especially when the patient is economically disadvantaged. The Board, however, also recognizes that the cost of reproducing voluminous medical records may be financially burdensome to some practitioners. Therefore, the following rule sets forth the permitted costs for the reproduction of medical records.

3

      (1)    Any person licensed pursuant to Chapter 458, F.S., required to release copies of patient medical records may condition such release upon payment by the requesting party of the reasonable costs of reproducing the records.

      (2)    For patients and governmental entities, the reasonable costs of reproducing copies of written or typed documents or reports shall not be more than the following:

    **(a) For the first 25 pages, the cost shall be $1.00 per page.**

    **(b) For each page in excess of 25 pages, the cost shall be 25 cents.**

    (3) For other entities, the reasonable costs of reproducing copies of written or typed documents or reports shall not be more than $1.00 per page.

    (4) Reasonable costs of reproducing x-rays, and such other special kinds of records shall be the actual costs. The phrase "actual costs" means the cost of the material and supplies used to duplicate the record, as well as the labor costs and overhead costs associated with such duplication.

Fla. Admin. Code R. 64B8-10.003 (emphasis added), referencing Fla. Stat. § 456.057.

13. Both Fla. Stat. § 395.3025(1) and Fla. Admin. Code R. 64B8-10.003 provide strict requirements for how much medical records providers can charge for copies of medical records. Importantly, neither source allows providers to charge a "Review Fee," and only allow per page fees up to $1.00 per page.

14. ScanSTAT fulfills the medical records requests submitted by current and former patients of affiliated doctors and hospitals located in Florida. Upon information and belief, ScanSTAT provides billing and collection services to these doctors and hospitals.

15. After a request is made for medical records, ScanSTAT contracts with the requestor to provide copies of the requested medical records.

16. In accordance with the Patient Records Statutes, ScanSTAT charges the proper per-page amounts set forth in the Statutes for each paper and non-paper page copied.

4

17.     Because ScanSTAT's invoices seek amounts above the limits set forth in the Patient Records Rule, the contract is illegal and unenforceable.

18.     Plaintiff on its own behalf and on behalf of all others similarly situated, seeks to recover from ScanSTAT all Fees unlawfully collected by ScanSTAT.  Plaintiff further seeks to enjoin ScanSTAT from charging fees in excess of the Patient Records Rule in the future.

**B.     Plaintiff's Facts**

19.     Plaintiff, The Law Office of William J. Scott, P.A., is a Florida Professional Association law firm practicing before the Courts of this State.  In or around January or February, 2022, Plaintiff requested medical records on behalf of a client from UF Health Jacksonville Rehabilitation – Emerson, a physical therapy facility, not a hospital.  Plaintiff's request was fulfilled by ScanSTAT who entered into contractual arrangements with the medical provider from whom the records were sought.

20.     Attached as Exhibit "A" is a ScanSTAT invoice which shows that the Plaintiff was charged:

| | | |
|---|---|---|
| 1 | "Release Basic Fees" - | $1.00 |
| 382 | "Duplication Fee" | $382.00 |
| | Subtotal | $383.00 |
| | Delivery Fee | $3.50 |
| | Sales Tax | $30.64 |
| | Amount Due | $417.14 |

21.     At all relevant times, Plaintiff was authorized by its client to request her medical records stemming from a car accident.

22. When a patient or its lawyer requests medical records, Florida Administrative Code Rule 64B8-10.003(2) authorizes Defendant to charge $1.00 per page for the first 25 pages, and $0.25 cents per page for pages 26 and higher.

23. Defendant charged Plaintiff $1.00 for all 382 pages for a total of $382.00. The proper calculation would be $1.00 for the first 25 pages and $0.25 for each page after that.

24. Additionally, Plaintiff paid a $1.00 fee titled "Release basic Fees" that is not authorized by Florida law to receive copies of medical records by the patient.

25. Plaintiff was also charged a $3.50 delivery fee that is not authorized by Florida law.

26. Plaintiff paid the excess fees in order to obtain the requested records because STAT's policy is to not send the records until after the invoice is paid and Plaintiff feared that refusing to pay the copy fees would delay the receipt of the needed records.

27. Plaintiff paid the invoice of $417.14 and suffered actual damages.

**Defendant's Duty to Charge Authorizes Fees**

28. Defendant possessed a duty to Plaintiff to follow the Patients Record Act as a provider of medical records.

29. Defendant breached its duty when it failed to comply with the charges authorized in the act when it charged more than $0.25 for pages in excess of 25.

30. Plaintiff suffered damages as a result of Defendant's breach of its duty by paying excessive fees.

**Defendant's Unfair Practices**

31. It was an unfair practice for Defendant to charge fees that violate the Patient Records Act when Defendant charged Plaintiff more than $0.25 for copies of client's medical records.

## IV. CLASS ACTION ALLEGATIONS

32. The named Plaintiff brings this action individually and in a representative capacity pursuant to Rules 1.220(b)(3) of the Florida Rules of Civil Procedure for ScanSTAT's breach of contract, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), for both damages and injunctive relief; and under the Florida common law of unjust enrichment and negligence, on behalf of a class defined as:

> All patients, or law firm's (on behalf of a patient), who paid more than $0.25 to Defendant for each page in excess of 25 pages, for copies of medical records that were requested from a Florida healthcare provider by a patient or patient's attorney, and for which payment has not been reimbursed.

33. The Class Period for Counts I and III is five years prior to the filing of this Complaint.

34. The Class Period for Counts II is four years prior to the filing of this Complaint.

35. The members of the Plaintiff Class are so numerous that joinder is impracticable. On information and belief, STAT has contracted with numerous doctors and physicians within the State of Florida to provide copy services for medical records, and the class numbers are in the thousands.

36. There are questions of law and fact common to the Plaintiff Class that predominate over questions affecting only individual class members. Such common questions of law and fact include, but are not limited to:

    a. Whether STAT systematically charged Plaintiff and the Class copy charges that exceeded $ 25¢ per page after the first 25 pages in connection with the reproduction of patient medical records;

    b. Whether STAT's excess copy charges are permitted under Fla. Admin. Code R. 64B8-10.003;

  c. Whether STAT's collection from Plaintiff and the Class of excess copy charges in violation of the Patient Records Rule constitutes an Unfair Trade Practice in violation of the Florida Deceptive and Unfair Trade Practices Act;

  d. Whether Plaintiff and the Class are entitled to a permanent injunction for STAT's FDUTPA violations; and

  e. Whether STAT breached its duty to Plaintiff and the Class by collecting illegal fees from Plaintiff and members of the Plaintiff Class.

  37. Plaintiff's claims against STAT are typical of the claims of the Plaintiff Class because they arise from the same course of conduct by STAT. The excess copy charges at issue were uniformly and systematically collected from customers, despite not being permitted under the Patient Records Rule. Because Plaintiff and each member of the Class received itemized customer invoices, there will be no difficulty determining class membership or individual damages in this matter.

  38. Plaintiff will fairly and adequately protect the interests of the Class, is familiar with the allegations expressed herein, and is able to assist in decision making necessary for the conduct of this litigation. Plaintiff has retained counsel qualified, experienced and able to conduct Class Action litigation, and Plaintiff has made arrangements to cover the costs associated with this litigation.

  39. A Class Action is maintainable under Florida Rules of Civil Procedure 1.220(a), 1.220(b)(2) and (b)(3), because if each Class Member were required to pursue an individual action to recover the excess copy charges, it would be economically unfeasible for many members of the Class to vindicate their respective rights.

40. Class members' individual damages are small relative to the burden and expense of filing and litigating tens of thousands of individual cases against this sophisticated Defendant. Accordingly, a Class Action is not only an appropriate method for litigating this matter, but is the superior method for the fair, consistent and efficient adjudication of this controversy.

## COUNT I – BREACH OF CONTRACT

41. Plaintiff re-alleges and incorporates paragraphs 1 through 40 as if fully set forth herein.

42. This is a claim against STAT for damages for breach of its Contract with Plaintiff and Class members to produce medical records at the statutory rate.

43. STAT offered to produce medical records to Plaintiff as evidenced by Exhibit "A."

44. Valid laws in effect at the time a contract is entered into become part of the contract as if expressly incorporated into the contract. See Gordon v. State, 608 So. 2d 800, 802 (Fla. 1992).

45. The Patient Records Rule (Fla. Admin. Code R. 64B8-10.003) became a part of the Contracts between STAT and Plaintiff (and Class members). The Contact and applicable law, including but not limited to the Patient Records Rule, set forth the rights and obligations of STAT to Plaintiff and Class members with respect to providing and charging for copies of medical records.

46. STAT materially breached its Contracts with Plaintiff and Class members by charging more than $0.25 for copies of medical records in excess of 25 pages under Patient Records Rule. Specifically, Defendant charged Plaintiff $382.00 for a Duplication fee for 382 copies. Plaintiff should have only been charged $114.25 ($25 for first 25 pages and $0.25 for each of the 357 remaining).

47. In Plaintiff's case, STAT charged $267.75 more than the Patient Records Rule allows.

48. Plaintiff and Class members paid the excess charges in order to obtain the requested records because STAT's policy is to not send the records until after the invoice is paid and Plaintiff and Class members feared that refusing to pay the flat fee would delay the receipt of the needed records. Also, many class members were unaware that STAT's $10 flat fee violated the Patient Records Rule.

49. As a direct and proximate result of STAT's material breach of Contract, Plaintiff and Class members have suffered damages, including but not limited to paying amounts that exceeded 25¢ per page after the first 25 pages.

50. Plaintiff suffered actual damages by paying the excessive fee.

51. Plaintiff has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff and the Class demand judgment against STAT for breach of contract, any and all damages (including but not limited to compensatory damages), together with interest both prejudgment and post-judgment, and such other further relief as the Court may deem just and proper.

## COUNT II – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT – DAMAGES

52. Plaintiff re-alleges and incorporates paragraph 1 through 40 as if fully set forth herein.

53. This is a claim against STAT for violation of Florida's Deceptive and Unfair Trade Practices Act, § 501 *et seq.*, ("FUDTPA").

54. The FDUTPA was adopted to "protect the consuming public … from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce," and that as a rule of construction, FDUTPA "shall be construed liberally to promote policies." Fla. Stat. § 501.202.

55. Under FDUTPA, violations of other laws, statutes, rules, regulations or ordinance designed to prohibit unfair, deceptive, or unconscionable acts or practices, but which do not themselves contain a private cause of action can be used to create a private cause of action under FDUTPA. Fla. Stat. § 501.203(3)(c).

56. Plaintiff and the Class are consumers as defined in Fla. Stat. § 501.203(7).

57. STAT is engaged in "trade or commerce: as defined in Fla. Stat. § 501.203(8).

58. STAT violated the Patient Records Rule (Fla. Admin. Code R. 64B8-10.003) by collecting from Plaintiff and the Class copy charges in excess of those amounts specifically permitted by the Rule.

59. By Collecting from Florida consumers copy charges over and above the statutorily permitted amounts for copying and delivering medical records in violation of Fla. Admin. Code R. 64B8-10.003, STAT has committed unfair acts or practices in the conduct of its trade or commerce within the State of Florida.

60. As a direct and proximate result of STAT's unlawful and deceptive activity, Plaintiff and the Class have suffered actual damages as they were required to pay and did pay copy charges that exceeded 25¢ per page after the first 25 pages.

61. Plaintiff suffered actual damages by paying STAT more than $0.25 for pages in excess of 25 for medical records.

**WHEREFORE**, Plaintiff and the Class demand judgment against STAT for any and all actual damages, together with interest both prejudgment and post-judgment, costs and attorneys' fees pursuant to Fla. Stat. § 501.211(2).

### COUNT III - NEGLIGENCE

62. Plaintiff re-alleges and incorporates paragraph 1 through 40 as if fully set forth herein.

63. This Count for negligence against STAT is because (i) it owed a statutorily-imposed duty to abide by the Patient Records Rule; (ii) it breached that duty; (iii) its breach was the proximate cause of damage to Plaintiff and the Class; and (iv) Plaintiff and the Class suffered damages caused by the breach.

64. STAT had a statutory duty to only charge the specific amounts for copies of medical records and delivery of said records as set forth specifically in Fla. Admin. Code R. 64B8-10.003.

65. STAT breached its duty to abide with the above reference Patient Records Rule by collecting from Plaintiff and the Class illegal copy charges that exceed 25¢ per page after the first 25 pages, in violation of the Patient Records Rule.

66. STAT required Plaintiff and all Class members to pay the illegal copy charges before the medical records would be provided. As a result, STAT proximately caused Plaintiff and members of the Class to pay the illegal excess "Copy Charges".

67. This breach of duty resulted in damages to Plaintiff and the Class in the form of payment of illegal fees.

**WHEREFORE**, Plaintiff and the Class demand judgment against STAT for any and all actual damages and such other further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable at law by a jury.

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 9, 2022                                **VARNELL & WARWICK, P.A.**

By:   /s/ Matthew T. Peterson
Matthew T. Peterson; FBN: 1020720
Janet R. Varnell; FBN:  0071072
Brian W. Warwick; FBN:  0605573
VARNELL & WARWICK, P.A.
1101 E. Cumberland Ave., Suite 201H, #105
Tampa, FL 33602
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
Primary: *mpeterson@ vandwlaw.com*
*bwarwick@ vandwlaw.com*
*jvarnell@ vandwlaw.com*
*ckoerner@vandwlaw.com*

*Attorneys for Plaintiff*

# EXHIBIT A



**ScanSTAT**
TECHNOLOGIES

P.O. Box 791522
Baltimore, MD 21279-1522
(770) 569-2445

Billing Date: **2/21/2022**
Due Date: **3/23/2022**
Amount Due: **$417.14**
Invoice #: **BBACAAC4E26A43B39A61**

| Billing Address | Patient Information | Shipping Address |
|---|---|---|
| LAW OFFICE OF WILLIAM J. SCOTT ..<br>2716 HERSCHEL ST<br>JACKSONVILLE, FL 32205 | NAME: MADDISON MANKUS<br>MRN: 772180678<br>REQUEST ID: | LAW OFFICE OF WILLIAM J. SCOTT ..<br>2716 HERSCHEL ST<br>JACKSONVILLE, FL 32205 |

**MEDICAL RECORD SOURCE**

Records were ordered from:   Uf Health Jacksonville -- Fl Cfe 013
655 WEST 8TH STREET
JACKSONVILLE, FL 32209

| QUANTITY | ITEM DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| 1 | Release Basic Fees | $1.00 | $1.00 |
| 382 | Duplication Fee 1-999999 | $1.00 | $382.00 |
| | Subtotal | | $383.00 |
| | Delivery Fee | | $3.50 |
| | Sales Tax | | $30.64 |
| | **AMOUNT DUE** | | **$417.14** |

**IMPORTANT NOTICE:**
In most cases the invoice amount is determined and controlled by your states legislated rates.
Please pay within 30 days.

**MESSAGES**

These records were processed by a ScanSTAT professional. All of our professionals work hard to process your records quickly, securely and accurately. On behalf of all our employees, affiliates and their families, thanks for paying promptly.

---------- PLEASE RETAIN THIS PORTION FOR YOUR RECORDS ----------

**INSTRUCTIONS**

PLEASE RETURN THIS STUB WITH YOUR PAYMENT

1) Please send payments only to the address listed on this invoice.
2) Please DO NOT SEND CASH.
3) Pay by check, credit card or money order.
4) Please pay the total amount due listed on this invoice.

For questions regarding your account or invoice
(770) 569-2445
Email - cust-service@ScanSTAT.com

**Federal Tax ID#: 27-0786975**

LAW OFFICE OF WILLIAM J. SCOTT, P.A
2716 HERSCHEL ST
JACKSONVILLE, FL 32205

We accept credit card payments by phone
or online by visiting www.scanstat.com

Billing Date: **2/21/2022**
Due Date: **3/23/2022**
Amount Due: **$417.14**
Invoice #: **BBACAAC4E26A43B39A61**

**ScanSTAT Technologies**
P.O. Box 791522
Baltimore, MD 21279-1522

(MUST SUBMIT BARCODE BELOW WITH PAYMENT)


BBACAAC4E26A43B39A61